GEORGE A. BALDWIN, Plaintiff, *v.* JOSHAU LEV, Defendant.

Municipal Court of New York, Borough of Queens, Second District, July 9, 1937.

*Edward J. Gibbons*, for the plaintiff.

*Joshau Lev*, defendant in person.

PETTE, J.   Plaintiff instituted this action to recover $250 from the defendant, an attorney, upon an alleged oral agreement of hiring.   It is the contention of the plaintiff that he was employed to

negotiate a settlement in a negligence action and in return for such services he was to receive ten per cent thereof. The complaint alleged a settlement of $2,500 through his efforts as a free lance adjuster.

The defendant testified that the offer obtained by the plaintiff was submitted but not accepted and that it was necessary to retain trial counsel who procured a settlement of $3,000.

A further defense was interposed that the alleged agreement was illegal, void and unenforcible at law.

The real issue herein is that raised by the latter defense and is dependent upon a construction of section 275-a of the Penal Law, which provides in part:

" *Sharing of compensation by attorneys prohibited.*

1. *It shall be unlawful for any person,* partnership, corporation, or association *to divide with or receive from, or to agree to divide with* or receive from, *any attorney at law* or group of attorneys at law, whether practising in this State or elsewhere, either before or after action brought, *any portion of any fee or compensation,* charged or received by such attorney at law or any valuable consideration or reward, as an inducement for placing, or in consideration of having placed, in the hands of such attorney at law, or in the hands of another person, a claim or demand of any kind for the purpose of collecting such claim, or bringing any action thereon, *or of representing claimant in the pursuit of any civil remedy for the recovery thereof.*"

The alleged agreement in question comes expressly within the prohibition of section 275-a of the Penal Law.

I am of the opinion that the plaintiff's cause of action is illegal, void and unenforcible at law. An illegal agreement cannot be made the basis of an action. (*Hart* v. *City Theatres Co.,* 215 N. Y. 322; *Doherty* v. *Eckstein Brewing Co.,* 198 App. Div. 708; *Noble* v. *Great American Ins. Co.,* 200 id. 773, 780; affd., 235 N. Y. 589; *Schontz Co.* v. *Laffay,* 225 App. Div. 263.)

Cognizance must be taken of the general aims of our Legislature in enacting sections 270 *et seq.* of the Penal Law, regulating the practice of law. It was clearly their intention to restrict and safeguard the interests of the legal profession and to instill a greater confidence in the public in their dealings with the members of the bar.

The alleged common practice of so-called " adjusters " in soliciting cases from attorneys, on a percentage basis, for the purposes of negotiating settlements, is to be condemned. It is highly detrimental to the legal profession and tends to bring the attorneys who employ such methods into disrepute. The reasoning of the layman will be obvious, " Why go to a lawyer to recover damages,

who in turn has to hire an ' adjuster ' to do the very thing I employed him to do?" The net result will be an employment of the " adjuster " by the layman on a smaller retainer without the necessity of the attorney, as intermediary.

Any one who wishes to practice law must be duly licensed. (Penal Law, § 270.) A person may not ask to receive compensation, directly or indirectly, for practicing law. (Penal Law, § 271.)

Protection of the general public is a paramount interest. Thus there are laws providing for licensing of dentists, doctors, real estate brokers, plumbers, etc.

The statute expressly recognizes the right of attorneys to agree to divide the compensation to be recovered. That is the only exception provided for in section 275-a. The rule is well settled that where one relies upon an exception in the statute to take his case out of the rule laid down in the body of the statute, the person insisting upon the exception must bring himself within it. *If the plaintiff in an action on agreement with an attorney for the division of fees desires to avail himself of the exception, he must show that he is an attorney.*

The alleged agreement herein is forbidden by law, and the courts will not aid either of the parties to it, either in enforcing it or in recovering back any money which may be paid on it. In such a case the courts apply the maxim, *in pari delicto potior est conditio defendentis.* (*Goodell* v. *Hurlbut,* 5 App. Div. 77.)

When the plaintiff alleges that he was hired to " adjust " or " negotiate " a settlement, he was in paraphrase " representing a claimant in the pursuit of a civil remedy for the recovery of a claim " within the prohibition of the statute.

The rule of law is well settled that if any part of the entire consideration for a promise, or any part of an entire promise not in its nature capable of separation, be illegal, it taints the whole agreement with illegality and no part thereof can be enforced. , (*Saratoga County Bank* v. *King,* 44 N. Y. 87; *Foley* v. *Speir,* 100 id. 552; *Ridgely* v. *Keene,* 134 App. Div. 647; *Johnston* v. *Dahlgren,* 166 N. Y. 354; *Meguire* v. *Corwin,* 101 U. S. 108, 112.)

A court will not lend aid to a party who has committed or seeks to commit an unlawful act. The defense is allowed not as a protection to a defendant, but as a disability to the plaintiff. (*Beekman* v. *Marsters,* 195 Mass. 205; 80 N. E. 817; *Reiner* v. *North American Newspaper Alliance,* 259 N. Y. 250; *Roberts* v. *Criss,* [C. C. A.] 266 Fed. 296; 11 A. L. R. 698; 3 Williston on Contracts, § 1738; *Woodstock Iron Co.* v. *Richmond & Danville Extension Co.,* 129 U. S. 643; 9 S. Ct. 402; 32 L. Ed. 819; Restatement of the Law of Contracts, § 571.)

As stated by Lord MANSFIELD in *Holman* v. *Johnson* (1 Cowp. 341, 343): " The objection, that a contract is immoral or illegal as between plaintiff and defendant, sounds at all times very ill in the mouth of the defendant. It is not for his sake, however, that the objection is ever allowed; but it is founded in general principles of policy, which the defendant has the advantage of, contrary to the real justice, as between him and the plaintiff, by accident, if I may so say. The principle of public policy is this: *Ex dolo malo non oritur actio*. No court will lend its aid to a man who founds his cause of action upon an immoral or illegal act."

The plaintiff's complaint falls upon deaf ears; the law is silent; it has nothing to say.

Defendant's motion to dismiss the complaint herein is hereby granted.