Harold Tessler, J.
Defendant moves to dismiss each of the three causes of action contained in the second amended complaint pursuant to paragraphs 5 and 7 of subdivision (a) of rule 3211 of the Civil Practice Law and Rules.
The first cause of action is based upon alleged fraud in inducing plaintiff to accept a lesser amount of remuneration, the second upon a breach of an employment contract and the third upon the theory of quantum meruit. For the purposes of this motion the court, as it must, assumes the truth of the allegations contained in the complaint as hereinafter set forth.
While defendant is a person duly licensed to practice dentistry, plaintiff is not. The latter had been employed by defendant as an “ anaesthesiologist and dental assistant ” from June, 1954 to February, 1957, when she voluntarily left said employment due to physical reasons. Defendant suffered a heart attack during the Summer of 1957 and was unable to practice his profession or manage his office. Plaintiff and defendant thereafter entered into an oral agreement, under which the plaintiff was employed as an “ anaesthesiologist, office manager and director ” of defendant’s office. She was to receive $100 per week plus $100 per month “ together with a monthly bonus of 50% of the net proceeds of such dental office after deduction for overhead ”. Bach month from “ September or October, .1957 ” to January 29, 1962, defendant fraudulently represented the overhead to be the sum of $4,750 with the intent to deceive plaintiff and defraud her of her “ rightful share of 50% of the monthly net proceeds after deduction for overhead.” (Emphasis supplied.) *790 Plaintiff relied thereon and was damaged during the aforesaid period in the sum of $50,000 (first cause of action).
The aforesaid oral agreement also forms the basis of plaintiff’s second cause of action. Plaintiff contends that the defendant breached said employment contract ‘ ‘ in that he failed, neglected and refused to pay the plaintiff the entire monthly bonus of 50% of the net proceeds of such dental office after deduction of the real and true monthly overhead of such dental office.” As a result thereof she was damaged in the sum of $50,000 — the identical sum plaintiff seeks in her first cause of action.
In the court’s opinion the aforesaid oral agreement, upon which the first and second causes of action are based, is violative of section 61.5 (subd. [b], par. [1]) of title 8 of the Official Compilation of Codes, Rules and Regulations of the State of New York promulgated by the Commissioner of Education pursuant to section 207 of the Education Law. The former section, in pertinent part, reads as follows:

“Dental advertising cmd unprofessional conduct. * * *

“(b) In the administration of the law, the following conduct is deemed unprofessional conduct:
“ (1) Directly or indirectly in any manner or by any means splitting any fee or any charge with any person or persons, or participating therein.”
“In a case of this kind the law will not look at the equities. The parties have deliberately placed themselves in a position where one or the other mil inevitably be hurt; their position is one of their own making, and the law will not help them out of their difficulty, but will leave them where they have placed themselves.” (Sturm v. Truby, 245 App. Div. 357, 362.)
“ ‘ The objection, that a contract is immoral or illegal as between plaintiff and defendant, sounds at all times very ill in the mouth of the defendant. It is not for his sake, however, that the objection is ever allowed; but it is founded in general principles of policy, which the defendant has the advantage of, contrary to the real justice, as between him and the plaintiff, by accident, if I may say so. The principle of public policy is this: Ex dolo malo non oritur actio. No court will lend its aid to a man who founds his cause of action upon an immoral or illegal act.’ ” (Baldwin v. Lev, 163 Misc. 929, 932.) The first two causes of action are based upon an agreement to give the plaintiff a participating interest in defendant’s professional practice — which is identical with fee splitting — and as such is contrary to law and, therefore, insufficient.
*791 Plaintiff’s third cause of action is based upon defendant’s request that plaintiff assume the management, care and charge of defendant’s real estate during his absence from New York, in return for which defendant “ offered and agreed to compensate plaintiff therefor with a participating interest in the defendant’s dental practice and office, subsequent to his death, provided the plaintiff was in his employment at such time.” (Emphasis supplied.) Plaintiff annexes an exhibit which allegedly reflects such agreement. This exhibit is identical to those annexed to the first and second complaints heretofore held to be insufficient. (Radnay v. Schor, N. Y. L. J., Nov. 28, 1962, p. 20, col. 3, affd. 19 A D 2d 778; Radnay v. Schor, N. Y. L. J., Sept. 13, 1963, p. 15, col. 1.) In each of the above instances the court held that the alleged agreement contained in the exhibit lacked mutuality of obligation. Although plaintiff in the third cause of action seeks to recover the reasonable value of the services she rendered with respect to managing defendant’s real estate as opposed to managing his dental office (first and second causes of action) it is obvious that the agreements herein-before mentioned were all a part of one transaction between plaintiff and defendant with respect to sharing and participating in the proceeds of his dental practice during his lifetime and after his death. Therefore, the third cause of action is also insufficient for the same reasons hereinbefore expressed with respect to the sufficiency of the first two.
Accordingly, the motion is granted insofar as it seeks to dismiss all three causes of action contained in the present amended complaint pursuant to paragraph 7 of subdivision (a) of rule 3211 of the Civil Practice Law and Bules and denied as moot insofar as it seeks to dismiss said causes of action pursuant to paragraph 5 of said subdivision.