■ In the Matter of the Claim of JOSE CRESPO, JR., Respondent, v. RADIO CORPORATION OF AMERICA, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal from a decision and award of the Workmen's Compensation Board determining that the alleged release, executed by the claimant to a third-party tort-feasor, was of no effect since the claimant was not of age at the time of its execution, and that the alleged settlement was not made in conformity with the applicable provisions of law. Claimant was employed as a messenger by appellant employer and, on June 28, 1962, while he was engaged in delivering a message at the Chase Manhattan Plaza Building in New York City, the elevator in which he was riding stopped short causing claimant to fall to the floor resulting in pain to his lower back. The employer's doctor found, on his examination two days after the accident, that claimant had "sprained back, myositis, lumbar muscles." His pre-employment examination revealed that his back had been examined and it was negative and there were no complaints with respect to it. On August 7, 1962 a claims adjuster for the liability carrier for the Chase Manhattan Bank discussed settlement of claimant's third-party claim, and claimant agreed to settle his claim for $200 plus the amount of the compensation lien of $43.33. At the time of settlement, claimant was 19 years of age and he executed a release to the Chase Manhattan Bank which settlement was made without court approval. On April 24, 1963, claimant was discharged from his job because of his physical disability. Clamiant employed an attorney to prosecute his compensation claim, who, on the claimant's behalf, disaffirmed the release by letter, dated April 16, 1963, to the third-party's insurance carrier and copies of the letter **were forwarded to the appellant-carrier** and the Workmen's Compensation Board. Subdivision 5 of section 29 of the Workmen's Compensation Law provides that a compromise of an employee's third-party action, at an amount

less than he is entitled to under Workmen's Compensation, shall be made only with written approval of the insurance carrier liable to pay the compensation claim. Since the infant settlement was made here without court approval, it was unenforcible and did not bar the claimant's third-party action and did not affect his claim for compensation benefits. In *Valdimer* v. *Mt. Vernon Hebrew Camps, Inc.* (9 N Y 2d 21) the defendant pleaded as a defense a general release in the settlement of an infant's cause of action for personal injuries which settlement was without court approval. The Court of Appeals affirmed the decision striking out the defense stating (p. 24): "Patently, article 80 of the Civil Practice Act * * * was designed to safeguard the rights and interests of infants by empowering the courts to scrutinize the facts regarding the propriety and reasonableness of the proposed settlement of an infant's claim. * * * It is true the statute is permissive in nature and makes no change in the substantive law, but, as a majority of the court below pointed out, it is equally true that no settlement obtained without court approval, whether before or after the commencement of an action, is enforcible." The determination of the board is adequately supported by the claimant's valid disaffirmance of the settlement and the release by his attorney's action. The fact that he did not restore the consideration received on the settlement is unimportant under the circumstances of this case. "The right of an infant to avoid or rescind contracts made during his minority does not depend on his ability to restore the consideration or otherwise make restitution to the other party (*Green* v. *Green*, 69 N. Y. 533), but to the extent that he still has the consideration, the other party becomes entitled thereto." (*Casey* v. *Kastell*, 237 N. Y. 305, 314-315.) The release or settlement here was ineffective by reason of claimant's minority and the absence of court approval of the settlement and, thus, there was no compromise within the meaning of subdivision 5 of section 29 of the Workmen's Compensation Law and, in addition, the settlement was validly avoided by the claimant. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.