De Forest C. Pitt, J.
This is an article 78 proceeding brought, in effect, to reverse and rescind an order of the Commissioner of Education, which order revoked the petitioner’s certificate to practice accountancy as a certified public accountant. The respondent, the Board of Regents of the University of the State of New York, has served an answer containing objections in point of law and has taken the position upon this proceeding that the petition should be dismissed upon these objections, or in the alternative that the proceeding should be transferred to the Appellate Division of the Supreme Court, Third Judicial Department, in accordance with CPLR 7804 (subd. [g]).
It may be stated at the outset that it is the opinion of this court that this is not a proper case for transfer to the Appellate Division. The issues raised upon this proceeding do not seek judicial resolution of the question of, “whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.” (CPLR 7803, subd. 4.) Briefly stated, and as it is felt will become apparent from the following, the questions raised upon this proceeding fall within the definitive language of subdivision 3 of said section 7803.
*431 Considering the objections in point of law raised by the respondent it is felt that the same must be denied. The petition may not be dismissed as a matter of law for it is the determination of this court that the same does state facts entitling the petitioner to relief.
The subject proceeding was brought against the petitioner pursuant to section 7404 of the Education Law. In the bringing of this proceeding a petition was duly served containing two specifications which alleged the following:
‘1 First, that petitioner was convicted of a crime in a Court of competent jurisdiction within the purview and meaning of § 7406, subdivision 1 (c) of the Education Law of the State of New York, and
“ Second, by virtue of the said conviction, petitioner was guilty of unprofessional conduct within the purview and meaning of § 7406, subdivision 1 (b) of the Education Law of the State of New York, as defined in § 94, subdivision 1 (a) and 1 (b) of certain purported rules of the Board of Regents.’’
In response to this petition an answer was served in which it was denied that the petitioner had been convicted of a crime within the meaning of said section 7406 or that he was guilty of unprofessional conduct as alleged. The answer further sets forth six specific and separate defenses.
Upon the hearing the petitioner requested the issuance of several subpoenas in an effort to produce evidence in his defense. The authority for the issuance of such subpoenas is found in subdivision 3 of section 7406, which reads in part as follows : “At any such hearing the respondent may appear in person and by counsel with the right to produce witnesses and evidence in his own behalf and to cross examine any witnesses appearing before him and to have subpoenas issued by the committee.” All such requests for subpoenas were denied. It was apparently the position of the trial subcommittee (the hearing body) that the furnishing of the requested subpoenas was discretionary. This court, does not interpret the quoted legislation in such a manner. Indeed, the petitioner upon this proceeding has made a strong argument that the statutory wordage is only in fulfillment of the constitutional requirement of due process and has furnished this court with some authority to that effect. (Cf. Hurwitz v. North, 271 U. S. 40.) The court, then is persuaded to the position that the denial of the requests for subpoenas by subject hearing body was illegal.
However, the court’s decision need not turn alone upon the question of illegality. If one is to assume that the right to ■ subpoena is discretionary with the hearing body, we may then *432 inquire into whether or not such discretion was abused. Such inquiry leads directly to a review of that which the petitioner wished to show through the use of such process. The same is set forth succinctly in the petition as follows:
“ i. the non-existence and invalidity of the alleged rules under which the Department of Education purported to proceed;
‘ ‘ ii. petitioner’s conduct did not constitute ‘ fraud, deceit or gross negligence,’ was not ‘ unprofessional,’ and did not evidence ‘ moral unfitness; ’
‘‘ iii. the gratuity given by petitioner was not in violation of the ‘ consensus of opinion of the accountancy profession ’; and “ iv. in any event, some degree of discretion should have been exercised in petitioner’s favor.
“ (b) The conviction which formed the sole basis for petitioner’s disbarment was not a crime within the purview and meaning of Section 7406 of the Education Law.
“ (c) The purported rules which petitioner was charged with violating were not duly established by the Begents, nor filed and promulgated as required by Article 4, Section 8 of the New York State Constitution and Section 102 of the Executive Law, and were not based upon and did not reflect the ‘ consensus of opinion of the accountancy profession ’ as required by Section 7406 (1) (b) of the Education Law. Indeed, the only ‘ rules ’ which appear in any official compilation are in fact ‘ Begulations of the Commissioner of Education,’ not Buies of the Board of Begents, are not identical with those under which petitioner was prosecuted, and were filed and published pursuant to Section 207 of the Education Law, not Section 7406 under which petitioner was being prosecuted.
“(d) The crime of which petitioner was convicted did not evidence or establish ‘ moral unfitness,’ or ‘ fraud, deceit or gross negligence ’ as those phrases are used in any purported rules or regulations of the Board of Begents. If it did, those phrases are unlawful and unconstitutionally vague and invalid as too broad and not within the Begents’ power to establish rules.” Upon a study of the argument before this court it may be stated, without in any way pre-empting the function of the administrative body, that the court is of the opinion that there may well be substance to the petitioner’s position as outlined above. Indeed, it is apparent to this court that the petitioner might well have been able to establish through evidence upon the hearing much of his position as outlined above and in addition thereto other facts which might even compel a determination that the proceeding brought against the petitioner *433 constituted an unjustifiable discrimination in contravention of the equal protection clauses of the Federal and State Constitutions. Accordingly, if the question of arbitrariness is to be reached it is then determined that the refusal to issue subpoenas on behalf of the petitioner was, indeed, arbitrary.
In our complex society administrative bodies have, by necessity, been delegated many judicial functions of government. Necessity, however, cannot be allowed to overcome the most basic rights afforded to our individual citizens. The court feels most strongly that the petitioner was denied the right to a full and fair hearing even to the extent that adequate judicial review of the same is impossible. This court, for example, finds it impossible from the record before it to determine whether or not there has been an abuse of discretion as to the measure or mode of the penalty or discipline imposed.
It is the opinion of this court, then, that the Commissioner of Education must in the first instance rescind and cancel the subject order issued on behalf of the respondent, and that a new hearing must be held in this matter at which the petitioner herein is to be afforded a realistic opportunity to develop his defenses to the charges laid against him by the introduction of evidence.