■ In the Matter of LOUIS IRWIN, Respondent, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Appellant.— GREENBLOTT, J. Appeal from a judgment of the Supreme Court at Special Term, entered May 1, 1967 in Albany County, which granted petitioner's application, in a proceeding under CPLR article 78, to vacate an order of the Commissioner of Education revoking his certificate to practice as a certified public accountant. Respondent was convicted in Federal court on February 12, 1965 of furnishing a gratuity to a Federal employee " for or because of any official act performed or to be performed " by the Federal employee. The conviction arose out of a charge that he gave $400 to an employee of the Internal Revenue Service in connection with the auditing of the income taxes of several of his accounts. He was subsequently charged by the Department of Education with two specifications; first, with having been convicted of a crime (Education Law, § 7406, subd. 1, par. [c]) and second, of having been guilty of " unprofessional conduct " (Education Law, § 7406, subd. 1, par. [b]). Following a hearing before the subcommittee of the Public Accounting Committee on Grievances of the Department of Education, the Board of Regents ordered the Commissioner of Education to revoke respondent's license. Respondent argues that the subcommittee's denial of his request for the issuance of subpoenas duces tecum directed to

several governmental officials deprived him of his right to a fair hearing. With respect to the first specification, he alleges that the subcommittee's denial deprived him of the opportunity to show that his conviction under the Federal statute was not a crime within the scope of the Education Law. This contention is without merit. It is clear that a subpoena duces tecum could in no way support this claim. Since the board's adjudication under section 7406 (subd. 1, par. [c]) of the Education Law is otherwise uncontested, its determination was proper, and the judgment at Special Term must be reversed. While it is unnecessary to reach respondent's other contentions, they likewise are without merit. As to the second charge, respondent contends that had his request for the issuance of subpoenas duces tecum been honored by the committee, evidence could have been made available which would have disclosed that rules clarifying the term "unprofessional conduct" were not properly adopted by the board. Petitioner's right to have subpoenas issued by the committee is circumscribed in this instance by CPLR 2307 which provides that a subpoena duces tecum to be served upon an officer of the State, must be issued by a Justice of the Supreme Court. Since the subpoenas duces tecum were to be issued to the Secretary of State, Chairman of the Board of Regents, Commissioner of Education and the Chairman of the Council of Accountancy, it is evident that the committee had no power to issue them and its refusal to do so was proper. Finally, respondent claims that the regulation defining "unprofessional conduct" is unconstitutionally vague, in violation of due process. The regulation defines "unprofessional conduct" as "acts or conduct   *   *   *   which evidence moral unfitness for the public practice of accountancy". (8 NYCRR 70.5 [2].) It is clear, however, that even without the benefit of such a regulation, the term "unprofessional conduct" is sufficiently certain to a member of a profession to apprise him of the scope of permissible activities. (See *Matter of Cherry* v. *Board of Regents*, 289 N. Y. 148.) Therefore "It has never been necessary *   *   *   to define with particularity acts which constitute unprofessional conduct" (*Matter of Bell* v. *Board of Regents*, 295 N. Y. 101, 108). Judgment reversed, on the law and the facts, and petition dismissed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J. [53 Misc 2d 430.]