■ JOHN A. CASTRO, an Infant, by His Mother and Natural Guardian, ANNA J. GUTIERREZ, et al., Appellants, v BOULEVARD HOSPITAL et al., Respondents. — In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Queens County (Leviss, J.), dated January 18, 1984, which granted defendants' motions pursuant to CPLR 3025 (subd [b]), to amend their answers so as to include an affirmative defense of release.

Order modified by granting defendants' motions to assert an affirmative defense of release only as against the plaintiff mother. As so modified, order affirmed, without costs or disbursements.

This action arises from defendants' allegedly improper and negligent care in the delivery of the infant plaintiff. Four years after joinder of issue, defendants moved for leave to amend their answers to assert as an affirmative defense the claim that the plaintiff mother had executed a written release which relieved defendants from all liability whatsoever. Plaintiffs opposed the motions on the grounds that the alleged release was void as against public policy with respect to the infant plaintiff, that the proposed amendment was totally devoid of merit, and that defendants were guilty of laches.

We agree with plaintiffs that any release signed by the mother, in the absence of court approval, was ineffective as against the infant (*Valdimer v Mount Vernon Hebrew Camps,* 9 NY2d 21; *Matter of Crespo v Radio Corp.,* 26 AD2d 716, 717; cf. CPLR 1207). In this respect, the proposed amendment is without merit and the trial court erred in granting defendants' motions as against the infant plaintiff. With respect, however, to the mother's claims we find the proposed affirmative defense of release to be sufficiently meritorious (cf. *Sharapata v Town of Islip,* 82 AD2d 350, 362, affd 56 NY2d 332), and since she has failed to show prejudice or surprise resulting directly from defendants' delay in moving to amend their answers, the court did not abuse its discretion in granting their applications as against her (*Fahey v County of Ontario,* 44 NY2d 934). Titone, J. P., Mangano, Brown and Rubin, JJ., concur.