■ JOHN R. BALIOTTI et al., on Behalf of Themselves and as Shareholders of BLW MANAGEMENT CORP., Appellants-Respondents, v MILTON WALKES et al., Respondents-Appellants.—In an action, *inter alia,* to recover moneys allegedly due pursuant to a certain management agreement and under a lease, plaintiffs appeal (1) from so much of an order of the Supreme Court, Kings County (Pino, J.), dated April 17, 1984, as (a) granted defendants' motion for leave to amend their answer and (b) granted that branch of defendants' separate motion which was for partial summary judgment dismissing the sixth and seventh causes of action of plaintiffs' second amended verified complaint, and (2) from so much of a supplemental and resettled order of the same court, dated May 4, 1984, as, upon holding that under their cause of action for unjust enrichment the plaintiffs were entitled to recover only the reasonable value of property, services and benefits actually conferred upon defendants, limited plaintiffs' entitlement to discovery. Defendants cross-appeal, as limited by their brief, from so much of the order dated April 17, 1984, as denied that branch of their motion which was for partial summary judgment dismissing plaintiffs' first, eighth, ninth and tenth causes of action.

Order and supplemental and resettled order affirmed insofar as appealed from, without costs or disbursements.

Special Term did not abuse its discretion in allowing defendants to amend their answer *(see, Fahey v County of Ontario,* 44 NY2d 934, 935; *Castro v Boulevard Hosp.,* 106 AD2d 539, 540).

The management agreement which plaintiffs seek to enforce through their sixth and seventh causes of action is violative of the laws of this State prohibiting fee-splitting arrangements *(see, Matter of Bell v Board of Regents,* 295 NY 101, 111, *reh denied* 295 NY 821; *United Calendar Mfg. Corp. v Huang,* 94 AD2d 176, 180; Education Law § 6509-a; 8 NYCRR 29.1 [b] [4]). The fact that the agreement was executed in 1973, prior to the effective dates of Education Law § 6509-a and 8 NYCRR 29.1 (b) (4) does not help to sustain plaintiffs' claim because fee splitting was proscribed long before 1973 *(see, e.g., Matter of Bell v Board of Regents, supra; State of New York v Abortion Information Agency,* 37 AD2d 142, 144, *affd* 30 NY2d 779; *Matter of Popper v Board of Regents,* 26 AD2d 871; *Radnay v Schor,* 41 Misc 2d 789, 790; *cf. United Calendar Mfg. Corp. v Huang, supra).* "It has never been necessary * * * to define with particularity acts which constitute unprofessional conduct" *(Matter of Bell v Board of Regents, supra,* p 108; *Matter of Irwin v Board of Regents,* 33 AD2d 581, 582, *affd* 27 NY2d 292).

We agree with Special Term's finding that plaintiffs, being nonprofessionals, were less culpable and therefore not in pari delicto with defendants *(see, Smith v Pope,* 72 AD2d 913).

We have examined the parties' remaining contentions and find them to be without merit. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.