■ Joseph Katz et al., Respondents, v Emil C. Zuckermann, Appellant.—In an action, *inter alia,* to recover damages for breach of contract and unjust enrichment, the defendant appeals from so much of an order of the Supreme Court, Queens Count (Beerman, J.), entered January 17, 1985, as

denied its motion for summary judgment dismissing the plaintiffs' complaint with respect to their cause of action seeking damages for unjust enrichment.

Order affirmed insofar as appealed from, with costs.

The defendant, who is a medical doctor, entered into an agreement with the plaintiffs, who are nonprofessional medical technicians, wherein the defendant would pay the plaintiffs 50% of the fees (less certain office expenses) received for certain tests performed by the plaintiffs on the defendant's patients. Special Term properly found that this fee-splitting arrangement was violative of the laws of this State (see, Education Law § 6509-a; 8 NYCRR 29.1 [b] [4]; Matter of Bell v Board of Regents, 295 NY 101, 111, reh denied 295 NY 821; Baliotti v Walkes, 115 AD2d 581). While the courts will generally not enforce illegal contracts, an exception to the rule is recognized where, as here, the contract is merely prohibited by statute (malum prohibitum), and is not criminal in nature (see, Rosasco Creameries v Cohen, 276 NY 274). Therefore, under the circumstances of this case, Special Term properly found that the plaintiffs, as nonprofessionals, were less culpable than the defendant, at whom the prohibitions of Education Law § 6509-a are directed, and accordingly they should not be precluded from recovering under a theory of unjust enrichment (see, Baliotti v Walkes, supra). Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.