■ CARMEN ARTACHE, Appellant, v JERROLD GOLDIN, Respondent.—In an action, inter alia, to recover damages for breach of contract and unjust enrichment, and for the imposition of a constructive trust, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Collins, J.), dated January 31, 1986, which denied her motion, inter alia, for pendente lite child support, and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is modified, on the law, by (1) deleting the third decretal paragraph thereof, (2) deleting from the second decretal paragraph thereof the words "is hereby and in all respects granted" and substituting therefor the words "is hereby granted to the extent of dismissing the second, third, and fourth causes of action and in all other respects is denied", and (3) deleting from the first decretal paragraph thereof the words "is hereby in all respects denied", and substituting therefor the words "is granted to the extent of enjoining the defendant during the pendency of the action from interfering with the plaintiff's quiet enjoyment of the parties' residence and from selling, leasing, or otherwise encumbering or transferring title to that residence, and directing him to continue to pay all mortgage and carrying costs in connection with the residence; in all other respects, the motion is denied." As so modified, the order and judgment is affirmed, with one bill of costs to the plaintiff.

The plaintiff alleges that in January 1971 she and the defendant entered into an express oral partnership agreement under which they agreed to live together and hold themselves out as husband and wife; that she was to care for the parties' children, perform domestic duties and assist the defendant in the management and administration of his dental practice; and that the defendant would, as soon as possible, obtain a divorce from his wife, from whom he was then separated, and would marry the plaintiff and support her and their children and would share with her the profits from his dental practice and other business interests. According to the complaint, the parties thereafter lived together as husband and wife, first in both the plaintiff's apartment in Manhattan and the defendant's apartment in Great Neck, and then from 1976 to 1985 in the parties' family residence in Great Neck. The plaintiff alleges that during the 14 years of their relationship, she bore four children whom she claims are the defendant's issue. She claims, and has offered various pieces of evidence, including the children's birth certificates, to substantiate that the defendant consistently acknowledged paternity of the children and held himself out as their father both within the family and in the community.

The plaintiff also claims that during the 14 years that she and the defendant lived together, she rendered both domestic services and business services in accordance with the agreement. In addition, she alleges that she contributed considerable sums of money, in excess of $60,000, including funds

derived from the sale of real property that she owned and the proceeds from the settlement of a personal injury action, toward the parties' joint economic needs. According to the plaintiff, part of these funds were applied to the down payment for the purchase of the house in Great Neck, which served as the family residence.

The record discloses that the defendant did not receive a divorce from his wife until 1985, and that about that time he left the parties' residence and disavowed his paternity of the four children. He later served the plaintiff with a 10-day notice to quit the residence in which she and the children were residing and expressed his intention to sell the same. He also unilaterally removed certain furnishings and valuables from the premises.

The plaintiff thereupon commenced this action, asserting in her amended complaint causes of action, *inter alia,* to recover damages for breach of contract, fraud, intentional infliction of emotional distress, and unjust enrichment, and for a declaration of paternity and child support.

In addition, the plaintiff made a separate application for temporary child support and sought an injunction to prevent the defendant from interfering with her and the children's occupancy of the premises or otherwise disposing of the premises in which they were residing during the pendency of the action. The defendant cross-moved for summary judgment dismissing the complaint, arguing, *inter alia,* that the alleged agreement between the parties was contrary to public policy since it involved both an agreement to commit adultery and to share in the profits of a professional practice in violation of the statutory prohibition against fee splitting *(see,* Education Law § 6509-a).

The court, agreeing with the defendant as to the illegal nature of the alleged agreement, dismissed the causes of action to recover damages for breach of contract and unjust enrichment. The court also concluded that no cause of action for intentional infliction of emotional distress existed in this State, and that the claim for a declaration of paternity and the related support claims were not viable absent an order of filiation which could only be granted by the Family Court. Accordingly, it dismissed these latter claims, as well as all the remaining claims, denied the request for pendente lite relief and granted judgment to the defendant.

We now modify by reinstating those causes of action to recover damages for breach of contract and unjust enrich-

ment, and the three causes of action relating to the declaration of paternity and child support. Moreover, in light of our reinstatement of these latter three causes of action and the plaintiff's request for the imposition of a constructive trust as to the family residence, we grant that branch of the plaintiff's motion which seeks to enjoin the defendant from interfering with the use and occupancy of that residence by the plaintiff and the children, and from alienating or otherwise encumbering that property during the pendency of the action, and direct that the defendant continue to pay all mortgage and carrying costs associated with the residence.

Turning to the first cause of action, there is no question but that the parties' alleged express oral partnership agreement contains various illegal aspects, to wit, an agreement to engage in adultery and an agreement to share the profits of the dental practice in violation of Education Law § 6509-a. Nonetheless, where an agreement consists in part of an unlawful objective and in part of lawful objectives, the court may sever the illegal aspects and enforce the legal ones, so long as the illegal aspects are incidental to the legal aspects and are not the main objective of the agreement (see, McCall v Frampton, 81 AD2d 607, 608-609; Matter of Gorden, 8 NY2d 71, 75; 6A Corbin, Contracts §§ 1534-1535, at 816, 821-822). Courts will be particularly ready to sever the illegal components and enforce the other components of a contract where the injured party is less culpable and the other party would otherwise be unjustly enriched by using his own misconduct as a shield against otherwise legitimate claims (see, Katz v Zuckermann, 119 AD2d 732; Murray Walter, Inc. v Sarkisian Bros., 107 AD2d 173, 178; Muller v Sobol, 277 App Div 884, rearg denied 277 App Div 951, lv denied 277 App Div 951; Miseveth v Pribishuk, 85 NYS2d 595).

As a nonprofessional employee in the defendant's dental practice, the plaintiff could be found to be less culpable than the defendant, at whom the prohibitions of Education Law § 6509-a are directed (see, Katz v Zuckermann, supra; Baliotti v Walkes, 115 AD2d 581), in which case the plaintiff should not be precluded from recovering for the services rendered by her in connection with the defendant's dental practice. Although the defendant contends that the plaintiff was paid a salary for her services, a question of fact remains as to the amount that she was paid, the reasonable value of her services, and whether the salary paid adequately compensated her therefor.

The issue of whether the household and dental office ser-

vices alleged to have been rendered by the plaintiff are severable from the illegal aspects of the parties' agreement is a factual question which must await a trial *(see, McCall v Frampton, supra,* at 609; *cf., Matter of Estate of Steffes,* 95 Wis 2d 490, 290 NW2d 697). We note, however, that the plaintiff has the burden of establishing that the agreement to compensate her for her services was an express one, since this State does not recognize the right to receive compensation based on an implied agreement to live together outside of a lawful marriage *(see, Morone v Morone,* 50 NY2d 481). Accordingly, the plaintiff's first cause of action contains triable issues of fact and should be reinstated.

With regard to the fourth cause of action, contrary to the court's conclusion, this State has long recognized the existence of a tort cause of action for intentional infliction of emotional distress *(see, Fischer v Maloney,* 43 NY2d 553). Liability is based upon extreme and outrageous conduct which so exceeds the bounds of decency as to be intolerable in a civilized society *(see, Freihofer v Hearst Corp.,* 65 NY2d 135, 143; *Murphy v American Home Prods. Corp.,* 58 NY2d 293). However, this court held in *Baron v Jeffer* (98 AD2d 810, 811, *appeal dismissed* 62 NY2d 802) that "it would be contrary to public policy to recognize the existence of this type of tort in the context of disputes * * * arising out of the differences which occur between persons who, although not married, have been living together as husband and wife for an extended period of time" *(see also, Weicker v Weicker,* 22 NY2d 8, *rearg denied* 22 NY2d 827; *cf., Murphy v Murphy,* 109 AD2d 965). Accordingly, we uphold the dismissal of the fourth cause of action.

With respect to the plaintiff's fifth cause of action, we find that it states a viable claim for the imposition of a constructive trust to prevent unjust enrichment. In determining whether the imposition of a constructive trust is warranted to prevent an unjust enrichment, a court looks to four factors: the existence of a fiduciary or confidential relationship, a promise, a transfer in reliance thereon, and an unjust enrichment *(see, Sharp v Kosmalski,* 40 NY2d 119, 121). At bar, the plaintiff has asserted sufficient facts from which a court of equity might find the existence of each of these elements, and might conclude that she is entitled to an interest in certain of the defendant's assets, including the family residence which is held solely in his name.

Finally, we disagree with the court's reference of the paternity and child support claims to the Family Court. While Family Court Act §§ 411 and 511 provide that that court shall

have original exclusive jurisdiction in proceedings regarding support or maintenance and paternity, that provision in no way prevents the Supreme Court, as a court of general unlimited jurisdiction, from entertaining such proceedings *(see,* NY Const, art VI, § 7; *Kagen v Kagen,* 21 NY2d 532). The facts and circumstances of this case warrant that the Supreme Court retain jurisdiction over the entire matter. Mangano, J. P., Bracken, Brown and Spatt, JJ., concur.