PETER E. SWENSON, Plaintiff, *v.* THE WILSON & BAILLIE MANUFACTURING COMPANY, Defendant.

*Negligence — a platform used for the mixing of concrete in a building under construction is a scaffold — injury to a carpenter engaged in other work who goes upon it — liability of the master.*

Men, engaged in filling with concrete the spaces between the iron girders of a building in process of construction, built, by placing planks across the iron girders on the first floor of the building, a platform from eighteen to twenty feet in width for the purpose of using the same for the storage of materials used in compounding concrete and as a mixing board or platform, and not for the purpose of working upon the same in the construction of the building.

A carpenter employed in placing the temporary arches between the iron girders went upon this platform for the purpose of obtaining plank with which to build a platform for his own use. While upon the platform he fell in conse-

quence of the fact that the planks composing it had not been properly supported. The carpenters and the men engaged in laying the concrete were employed by the same master.

In an action brought by the injured carpenter against the master to recover damages for the personal injuries which he sustained, it was

*Held,* that it was improper for the court to dismiss the plaintiff's complaint;

That the platform constructed by the men engaged in laying the concrete was a scaffold within the meaning of section 18 of the Labor Law (Laws of 1897, chap. 415);

That it was the purpose of the Legislature, when enacting such section, to impose the duty of constructing safe scaffoldings in and about buildings in the course of construction for the use of those who might be employed in the general work, and that a failure on the part of the master, by which any employee sustains injury, operated to give a cause of action, even though the person so injured was not necessarily upon such platform;

That if the injured carpenter was rightfully on the platform in question, he had a right to assume that the master had discharged the duty of erecting a safe scaffold, unless he had knowledge of facts which made the risk known to him.

MOTION by the plaintiff, Peter E. Swenson, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance, upon the dismissal of the complaint by direction of the court after a trial at the Kings County Trial Term.

*Conrad Saxe Keyes,* for the plaintiff.

*Frank Verner Johnson* [*E. Clyde Sherwood* with him on the brief], for the defendant.

WOODWARD, J.:

The plaintiff is a carpenter. He was engaged by the defendant in putting in certain temporary arches between the iron girders in a power house in course of construction for the purpose of affording a foundation for the concrete filling between such girders. He had been at work for some days upon this line of work, and it appears that he had been in the habit of picking up such pieces of planking as he found about the building and using them across the iron girders to form a platform for himself in placing these temporary arches. The accident complained of occurred early in the morning, soon after the men had commenced work. A number of different contractors were engaged upon the building, and the plaintiff, according to his version, was preparing his platform to resume work where he had left off on the previous working day. He does not explain

why he did not make use of the planks which he had previously
used and which appear to have been just where he left them, but
says that he went to a platform, or scaffolding as he insists upon
calling it, where the concreters had stored certain materials, sand,
cement, etc., in quest of a plank to be used by himself; that he
stepped upon this scaffolding and that the board which his foot
rested upon sank beneath him and that he fell over upon the ends
of the other boards and these likewise fell by reason of having no
support under the end near where he fell, and by this means he was
precipitated to the basement below, sustaining severe injuries. The
learned court at Trial Term disposed of the case as one of law,
holding that the so-called scaffolding was not a scaffolding within
the intent of the Labor Law, and if that court was right upon this
point the plaintiff concededly has no cause of action.

The facts, which are not disputed, are that the concreters who
were employed by the defendant, had placed planks fourteen to six-
teen feet in length across the iron girders upon the first floor above
the ground, and had covered a space eighteen to twenty feet in
width, not for the purpose of working upon the same in the con-
struction of the building, but to store the materials used in com-
pounding the concrete, and incidentally for the purposes of a mixing
board or platform. It was not designed for the use of the carpenters,
and if the question were an open one I should hesitate to hold that this
mere temporary flooring constituted a scaffolding within the meaning
of the Labor Law, but since our decision in the case of *Welk* v.
*Jackson Architectural Works* (98 App. Div. 247) there would seem
to be no doubt of the character of this structure, and if the defend-
ant owed the duty of constructing a safe scaffolding for the use of
the plaintiff and his fellow-employees, it is difficult to understand how
the judgment in this case can be supported. It may be plausibly
argued that as this platform was not for the use of the carpenters,
and was not necessary for any of the purposes for which the plain-
tiff was employed, that the case does not come within the letter of
the statute, which relates to the furnishing or erecting of scaffold-
ings " for the performance of such labor " as the party may have
been employed or directed to perform. (Labor Law [Laws of
1897, chap. 415], § 18.) But we are disposed to think that the
purpose of the Legislature was to impose the duty of constructing

safe scaffoldings in and about buildings in the course of construction for the use of those who might be employed in the general work, and that a failure on the part of the master, by which any employee sustains injury, operates to give a cause of action, even though the person so injured was not necessarily upon such platform. In this case the plaintiff testifies that he was directed to get his planking anywhere that he could find it, that there were loose planks upon this platform or scaffolding, and that he went upon the same for the purpose of getting the plank that he might continue his labors. Just why this was necessary or proper does not appear, but it may be assumed that he was rightfully there, and in that event he had a right to assume that the master had discharged the duty of erecting a safe scaffolding, unless he had knowledge of facts which made the risk known to him, and no such thing is suggested.

The exceptions should be sustained, and a new trial granted.

HIRSCHBERG, P. J., BARTLETT and MILLER, JJ., concurred; HOOKER, J., not voting.

Plaintiff's exceptions sustained and new trial granted, with costs to abide the event.