## O'NEIL v. MANUFACTURERS' AUTOMATIC SPRINKLER CO.

(Supreme Court, Appellate Division, Second Department. February 17, 1911.)

1. MASTER AND SERVANT (§ 250*)—PLEADING—COMPLAINT.

Where, in an action for injuries to a servant, the complaint was broad enough to embrace a common-law as well as a statutory liability, the court could regard the notice as surplusage, and submit the case under the common law.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 250.*]

2. MASTER AND SERVANT (§ 250*)—PLEADING—ELECTION.

Where, in an action for injuries to a servant, plaintiff's counsel stated that he would elect to proceed under the employer's liability act (Consol. Laws, c. 31, §§ 200–204), in addition to any other rights that he might have under the law of the land, it did not amount to an election.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 250.*]

3. MASTER AND SERVANT (§ 116*)—INJURIES TO SERVANT—STATUTORY PROVISIONS—"ERECTION."

Labor Law (Consol. Laws, c. 31) § 18, provides that one employing or directing another to perform labor in the "erection," repairing, or altering of any structure shall not furnish or erect, or cause to be furnished or erected, any scaffolding which is unsafe or improper. A scaffold consisted of joists laid upon irons, constituting a part of the permanent structure of a dock, across which joists planks were placed, so that they could be shifted as occasion required. Held, that a servant, while moving a plank from one place to another for use in the work, was not engaged in building a scaffold.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*

For other definitions, see Words and Phrases, vol. 3, pp. 2451–2455.]

4. MASTER AND SERVANT (§ 116*)—INJURIES TO SERVANT—ACTION—INSTRUCTIONS.

Labor Law (Consol. Laws, c. 31) § 18, provides that one employing or directing another to perform labor in the erection, repairing, or altering of any structure shall not furnish or erect, or cause to be furnished or erected, any scaffolding which is unsafe or improper. A scaffold consisted of joists laid on irons, constituting a part of the permanent structure of a dock, and movable planks laid over the joists. A servant was directed to assist in moving the planks, and in so doing stepped on one of the joists, which broke, injuring him. Defendant requested an instruction that, if the only work the plaintiff was directed to do on joists was in connection with the removal of planks, he was not directed to

perform labor in the erection, repairing, or altering of a building or structure, within the labor law. *Held*, that the instruction was properly refused.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*]

Appeal from Trial Term, Kings County.

Action by John H. O'Neil against the Manufacturers' Automatic Sprinkler Company. From a judgment in favor of plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

See, also, 137 App. Div. 921, 122 N. Y. Supp. 1139.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Bertrand L. Pettigrew, for appellant.
Don R. Almy, for respondent.

JENKS, P. J.   This action is by servant against master for negligence, whereby a scaffold fell and brought the servant down with it. The fall was caused by the break of a joist of wood 16 or 18 feet long, and 4 inches by 4 inches. An examination of it after the accident showed that it was crossgrained at such an angle that the grain passed from one side to the other in a space of 3 feet. There was also shown an old crack along this grain, extending into the thickness of the wood to an extent variously estimated by witnesses from 1¼ to 3 inches. There is evidence that this defect weakened the strength and supporting power of the joist, and that the defect could have been discovered by proper inspection. It is not urged upon this appeal that the verdict is against the weight of evidence.

At the opening and the close of plaintiff's case, the defendant moved that the plaintiff elect whether to proceed under the common law or the employer's liability act (Consol. Laws, c. 31, §§ 200–204). The motions were denied under exception, but the plaintiff's counsel said that he would "elect to proceed under the employer's liability act, in addition to any other rights that we may have under the law of the land." This declaration does not state an election. It is as if the plaintiff had said that he would elect to proceed under the employer's liability act and his rights at common law and under any statute law that might be available. As I read the record, the learned court did not submit the case to the jury as one of liability under the employer's liability act. The complaint is broad enough to embrace a common-law as well as a statutory liability, and therefore the court could regard the notice as surplusage and could submit the case under the common law. Kleps v. Bristol Manufacturing Co., 189 N. Y. 516, 81 N. E. 765, 12 L. R. A. (N. S.) 1038. I think that the learned court did not err in submitting the case to the jury under sections 18 and 19 of the labor law (Consol. Laws, c. 31). Flanagan v. F. W. Carlin Construction Co., 134 App. Div. 236, 118 N. Y. Supp. 953, and cases cited.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The work of the defendant was the installation of an automatic sprinkling system in a dock. The system embraced a number of pipes attached to a metal frame that supported the roof of the dock. The dock was 135 feet wide and 1,400 feet long. There were columns set up 21 feet in height, on which rested angle irons which supported the trusses of the roof. These columns and angle irons divided the dock into oblongs 15 by 45 feet. The scaffold used for the installation was made as follows: Joists of timber 4 inches by 4 inches, 16 or 18 feet long, were placed about 5 feet apart across one of the oblongs from angle iron to angle iron. Across these timbers were placed two planks, each 10 inches wide, 2 inches thick, and 16 feet long. The planks were loose, so that they could be shifted as occasion required. The plaintiff testifies that he had been working as a pipe fitter for the defendant, and that, on the day of the accident, the defendant's foreman told him to go down to the lower end of the dock, and said that they would start to do something down there. They proceeded down the dock, and the foreman pointed out a place and said, "Go up there, and we will begin work up there; we will begin installing the line;" but that he said first, "Shift them planking over." The plaintiff went up a ladder, accompanied by Vetter. Vetter started to shift his end of a plank, and plaintiff walked across, went onto the angle irons, and proceeded to the point where the other end of the plank lay. He stepped one step onto a joist and reached down to take hold of the plank, when the joist broke and threw him to the floor, which was 21 feet below.

The plaintiff was not, I think, engaged in building a scaffold when he attempted to shift the plank. The construction of the scaffold was complete, notwithstanding these planks remained, as they were designed, movable. Cunningham v. Sicilian Asphalt Paving Co., 49 App. Div. 380, 63 N. Y. Supp. 357. The work of the plaintiff was in shifting a completed scaffold, or, more accurately, a part thereof. Defendant's witness, the foreman, testifies: "That scaffold had been up there about three days at the time of the accident." And he also testifies that the plaintiff helped to build it on Thursday or Friday preceding the accident; and the dock master, called by the defendant, describes the act of the plaintiff at the time of the accident as "moving the scaffold."

I think that the learned trial court did not err in refusing to charge the fifth request of the defendant, which is as follows:

"If the jury find that the only work the plaintiff was directed to do upon joists was in connection with the removal of planks from one side of the bay to the other, he was not a person directed to perform labor of any kind in the erection, repairing, altering, or painting of a house, building, or structure, within the provisions of section 18 of the labor law, and their verdict should be for the defendant."

This is tantamount to saying that, although the servant was directed to do work which required the use of the scaffold, of which a movable part must first be shifted, he was not engaged in the work when he was required and directed to ascend the scaffold for the purpose of shifting a part of it, and was doing so at the time it fell. His testimony is that he was only told to "shift them planking over," and

it does not appear that the method used was improper, contrary to any direction, or unusual. The plaintiff might have been required to stand upon the joists only to move the planks, and yet, if his work required him to move the planks when the planks were moved, it was that work which determined whether he was a person directed to perform labor in the "erection, repairing, or altering" of a structure within the provisions of section 18 of the labor law. But we need not go so far. Swenson v. Wilson & Baillie Mfg. Co., 102 App. Div. 477, 92 N. Y. Supp. 849. I see no error in the charge as to the res ipsa loquitur. Stewart v. Ferguson, 164 N. Y. 553, 58 N. E. 662.

The evidence suffices to support the verdict, and I advise that the judgment and order be affirmed, with costs. All concur.

