UNITED STATES TRUST COMPANY OF NEW YORK, Respondent, v. FREDERICK T. FRELINGHUYSEN and KATHERINE FRELINGHUYSEN, Appellants.

First Department, June 18, 1941.

*R. Randolph Hicks* of counsel [*Lloyd F. Thanhouser* with him on the brief; *Satterlee & Canfield*, attorneys], for the appellants.

*M'Cready Sykes* of counsel [*George L. Shearer* with him on the brief; *Stewart & Shearer*, attorneys], for the respondent.

CALLAHAN, J.   On June 9, 1925, one Charlotte L. Frelinghuysen executed to plaintiff a bond and mortgage in the sum of $50,000 on premises 113 East Sixty-fifth street, New York, N. Y., payable in 1928.   Charlotte L. Frelinghuysen died in 1930 leaving a will whereby she devised the mortgaged premises to defendant Frederick T. Frelinghuysen.   Thereafter, and by deed recorded in 1931, Frederick T. Frelinghuysen conveyed the mortgaged premises to defendant Katherine Frelinghuysen.

On January 12, 1932, an officer of plaintiff wrote to defendants' attorneys advising them that as plaintiff had no bond in connection with the mortgage loan, it thought that both defendants should execute a bond and deliver it to the mortgagee.   (Of course, plaintiff by this letter must have meant that it had no bond of any living obligor.)   A copy of this letter was transmitted to defendants.

On February 16, 1932, defendants executed under seal a collateral bond wherein they agreed to pay the principal sum due on the bond and mortgage.   No new mortgage or extension agreement was executed by defendants.   At the time this collateral bond was executed the mortgage was past due.

Between 1932 and 1935 payments were made on account of the mortgage, reducing the principal sum to $42,000.   Interest was paid until 1939.   After default in the payment of interest and taxes, plaintiff brought this action for a judgment declaring the rights of the parties in respect to the bond and mortgage, and defendants' covenant of assumption.   It asked for judgment declaring plaintiff's right to recover from defendants installments of unpaid interest and taxes, without prejudice to their right to subsequently recover other such installments falling due thereafter, as well as the principal of the mortgage.

After a trial of the issues plaintiff obtained judgment declaring that the collateral bond of defendants was executed for a valuable consideration, that it was effective as a covenant of assumption without any new mortgage, and that plaintiff might recover interest or taxes against the defendants without impairing its right to maintain an action for future interest, taxes and principal.

Defendants appeal from this judgment, contending, among other things, that the collateral bond was given by the defendants without any consideration therefor.

We think that this contention is correct, and that defendants should have prevailed upon that issue.

As defendants' bond was under seal there was a presumption of consideration in view of the provisions of section 342 of the Civil Practice Act in effect at the time the instrument was executed. Plaintiff, however, upon the trial, did not rest upon this presumption, but introduced evidence setting forth all of the facts in connection with the execution of the bond. The transactions between the parties are contained in the correspondence which is all set forth in the record. Under the circumstances whatever presumption was raised by statute merged into the issue of fact raised by plaintiff's own proof. Presumptions are indulged in to supply the place of facts. They are never allowed against ascertained and established facts. When these appear, presumptions disappear. (*Matter of Matthews*, 143 App. Div. 561.) Upon the proof submitted we find that consideration was lacking.

The claimed consideration for defendants' promise to pay this mortgage, which was clearly the debt of another for which they were in nowise obligated, is that there was actual forbearance by the plaintiff in collecting the principal of the mortgage debt after defendants had given their promise to pay. This forbearance, however, does not appear to have followed either a promise to forbear or a request by the defendants for forbearance. There is nothing in the evidence to show that defendants asked for any extension of time with respect to the payment of the mortgage debt, nor is there any evidence that the plaintiff agreed to any such extension. The record discloses mere indulgence on plaintiff's part, without proof that defendants requested or that plaintiff was in any wise bound to grant same.

Formerly under the law of this State mere indulgence without a valid agreement for forbearance did not constitute a valuable consideration. (*Atlantic Nat. Bank of N. Y.* v. *Franklin*, 55 N. Y. 235.) This rule was later changed by our courts when they declared that the promise to forbear was not essential if there was actual forbearance based on a request by the promisor for same. (*Strong* v. *Sheffield*, 144 N. Y. 392.) In the present case, however, as we have already indicated, there was no express request whatever on the part of the promisors for any forbearance.

Plaintiff's contention is that a request for forbearance should be implied from the circumstances. We fail to find any basis in fact for such implication, unless it could be said to arise from the

mere circumstance of plaintiff's indulgence. We find nothing in this case to show that the plaintiff refrained from bringing suit to collect the principal or any part of the mortgage debt because of defendants' promise. We find no authority in this State holding that actual indulgence alone is evidence of a request to forbear. Nor do we find any authority which supports plaintiff's contention that an implied request plus forbearance will supply consideration for a promise.

In support of its position plaintiff cites a statement from the Restatement of the Law of Contracts by American Law Institute, section 90, to the effect that a promise which the promisor should reasonably expect to induce forbearance, and which does induce such action, is binding if injustice can be avoided only by enforcement of the promise.

From the notes of the New York Annotations to the work on Restatement, it appears that the rule set forth in section 90 is understood, at least by the annotator, to be one based on the doctrine of promissory estoppel. That doctrine in this State is said to be limited to contracts concerning charitable subscriptions and promises to make gifts.

Assuming that there was some detriment to the plaintiff and benefit to the defendants from plaintiff's forbearance, this would not be sufficient consideration for defendants' promise unless at least the detriment was induced by the promise. (1 Williston on Contracts [Rev. ed.], §§ 100, 138.) It has been said that nothing is consideration that is not regarded as such by both parties; that the fortuitous presence in a promise of some detriment is not enough; the promisor and promisee must have dealt with it as the inducement to the promise. (*McGovern* v. *City of New York*, 234 N. Y. 377.)

We think that the law is settled in this State that mere forbearance is not enough to supply consideration even for a unilateral contract unless there is a request for such forbearance.

Under the circumstances we must hold that there was no consideration for the collateral bond executed by the defendants.

The judgment should be reversed, with costs, and judgment awarded in favor of the defendants, with costs.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Judgment unanimously reversed, with costs, and judgment directed in favor of the defendants, with costs. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.