■ MARIETTA COLWELL, Also Known as MARIETTA ZOLKOSKY, Respondent, v. ALECK ZOLKOSKY et al., Appellants.— GABRIELLI, J. Appeal from a judgment granting respondent a lien on certain real property presently owned by appellant, Stella Zolkosky. In November, 1953 respondent and appellant, Aleck Zolkosky, discussed the purchase of a home and living together and, just prior to the purchase thereof it was agreed that the respondent would furnish the food for the household and pay $15 per week on the house and, further, that when they were married the property would be placed in their names as tenants by the entirety. Title to the property was taken in Zolkosky's name alone and they moved into the house in March, 1954. Although the intended marriage was never consummated, they lived there together until July 18, 1960 when the property was transferred by him to Zolkosky's mother. It is conceded that during this period, respondent purchased all the food for the household and gave Zolkosky $15 per week which was used by him toward the payment of the mortgage and improvements upon the premises. The evidence additionally shows that respondent obligated herself, along with Zolkosky, to pay off certain improvement loans consisting of $1,000 for remodeling the kitchen, $435 for a planter box across the patio and over $700 for siding on the house. The findings made by the trial court are amply supported by the evidence. A relation of confidence having been established, and subsequently abused by one of the contracting parties, equity will support an oral contract of the nature herein involved (*Petrukevich* v. *Maksimovich*, 1 A D 2d 786) and grant relief in the nature of an equitable lien for the amount expended or contributed by the $15 weekly payments, less the respondent's share of interest paid upon the assumed mortgage. Whether or not the relationship between these contracting parties is to be condoned, is not material to the issue, for any confidence established between the parties in accordance with the evidence in this case in light of the agreement with respect to the property, will be enforced, in order to prevent unjust enrichment (*Muller* v. *Sobol*, 277 App. Div. 884). Judgment affirmed, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.