CROSS, Judge
(concurring, in part, and dissenting, in part.)
I concur in the opinion as it is applicable to the defendants, Contractors Construction Corporation and City National Bank of Miami Beach, as Trustee.
I must of necessity respectfully dissent to the opinion as it applies to the defendant, Joseph Cohen. Joseph Cohen was joined as a party defendant on the assertion of the plaintiff, Michael Development Corporation, that Joseph Cohen had a claim of interest or claim in lien upon the property sought to be foreclosed by the plaintiff. Plaintiff further asserted that if the defendant had any claim or interest in the land under question that this claim or interest accrued since and is subordinate and inferior to the lien of the mortgage sought to be foreclosed; that the plaintiff believes that the defendant, Joseph Cohen, claims an interest in the mortgaged property by virtue of a mortgage from Michael Development Corporation to one Robert L. Dendo and Harold M. Schwartzbaum, as Trustees, dated April 15, 1959, and filed for record June 8, 1959, which said mortgage was assigned to the defendant, Joseph Cohen, by various assignments of mortgage; that the defendant, Joseph Cohen, subordinated the said mortgage to the lien of the plaintiff’s mortgage by subordination agreement dated April 24, 1964, and filed for record April 29, 1964.
The defendant in his amended answer asserted as an affirmative defense that there was a total lack or failure of consideration for the execution and delivery by the defendant, Joseph Cohen, of the subordination agreement and that the subordination agreement is void, invalid and unenforceable.
After much judicial sparring the cause came on for final hearing, and the court entered its final judgment of foreclosure in favor of the plaintiff, Michael Development Corporation, finding in part that there was consideration for the subordination agreement dated April 27, 1964, and given by the defendant, Joseph Cohen.
Timely petition for rehearing was filed and denied by the lower court, and an. appeal to this court was providently taken»
The defendant, Joseph Cohen, asserts that the lower court erred in holding' that there was consideration for the subordination agreement dated April 27, 1964, and given by the defendant, Joseph Cohen, to the plaintiff. The purported subordination agreement in question reads as follows:
“SUBORDINATION AGREEMENT
“KNOW ALL MEN BY THESE PRESENTS THAT THE UNDERSIGNED, JOSEPH COHEN the owner and holder of that certain mortgage and note secured thereby having an original principal balance of $190,-800.00, from MICHAEL DEVELOPMENT CORP., a Florida corporation, the original mortgagor, dated the 15th day of April, 1959, and recorded in the Public Records of Broward County, Florida, at Official Records Book 1572, at Page 282, and encumbering the following described property located in said County and State, to-wit:
The West 1/2 of the West of Section 26, LESS the Southwest ,J4 of the Northwest J4 of the Northwest of Section 26, all in Town *432 ship 49 South, Range 41 East, lying and being in Broward County, Florida.
for and in consideration of the sum of Ten Dollars and other good and valuable considerations, the receipt whereof is hereby acknowledged, does hereby agree and declare that the lien of the mortgage to the undersigned above described shall henceforth and forever be subject, subordinate and inferior in lien, right and dignity at all times to the lien, right and dignity of that certain mortgage from A. J. PAUL AND MAMIE PAUL, his wife, to MICHAEL DEVELOPMENT CORP., a Florida corporation, dated the 27th day of June, 1960, and filed in the Public Records of said County and State at Official Records Book 1975, at page 216, which encumbers the above described property.
The undersigned hereby specifically agrees that the mortgage to MICHAEL DEVELOPMENT CORP., a Florida corporation described above is and shall continue to be prior and superior in lien, right and dignity at all times to the mortgage above described and held by the undersigned.
IN WITNESS WHEREOF, the undersigned has caused these presents to be signed and sealed at Miami Beach, County of Dade and State of Florida, this 27th day of April, 1964.
Signed, sealed and delivered in the presence of:
/s/ Dorothy Luck /sJ Joseph Cohen (SEAL)
/s/ Romayne E. Jenkins Joseph Cohen
(stamped-No. C65-5571
P Ex. No. 14
Received 7/1/66
/s/ LW
Lamar Warren
Circuit Judge)
STATE OF FLORIDA J COUNTY OF DADE J
I HEREBY CERTIFY that on this day personally appeared before me, an officer duly authorized to administer oaths and take acknowledgments, JOSEPH COHEN, to me well known to be the person described in and who executed the foregoing instrument and acknowledged before me that he executed the same freely and voluntarily for the purpose therein expressed.
WITNESS my hand and official seal at Miami Beach, County of Dade, and State of Florida, this 27th day of April, 1964.
My Commission Expires:
Notary Public, State of Florida
My Commission Expires June 30, 1966.
/s/ Dorothy Luck
Notary Public, State of Florida at large
(SEAL AFFIXED)”
*433 Consideration is the primary element moving the execution of a contract, or in other words, the inducement of a contract. Frissell v. Nichols, 1927, 94 Fla. 403, 114 So. 431. Consideration is not as a general rule insufficient merely because it is inadequate. The mere fact that the consideration is inadequate does not render a contract nudum pactum, for it is not essential that the consideration be adequate in point of value, since the law cannot decide upon this matter. Spann v. Baltzell, 1847, 1 Fla. 301, 46 Am.Dec. 346. However, the requirement of a sufficient consideration for a promise is not satisfied by a pretense that there is a consideration when in fact there is none. A nominal consideration is not a sufficient one if we mean by nominal that the stated consideration is a pretense and not a reality. This is true whether the statement indicates that the consideration is large or small. Since the law does not require the consideration to be adequate, written promises are often stated to be, “In consideration of One Dollar,” or “Ten Dollars.” Here we have a case of “nominal” consideration if the statement is untrue. The smallness of the consideration may not make it insufficient to support the promise if it was in fact bargained for and given in exchange.
In the instant case it should be noted that the instrument recites as consideration the payment of the sum of ten dollars by the plaintiff, Michael Development Corp., to the defendant, Joseph Cohen, “and other good and valuable considerations.” I am of the opinion that the ten-dollar consideration recited in the purported agreement is nominal. It cannot seriously be urged that ten dollars recited was in fact bargained for in consideration to subordinate a mortgage with a principal balance of $190,800. Even by the stretch of the imagination, if this sum -of ten dollars was in fact bargained for in exchange for the subordination of this large mortgage, it affirmatively shows by the record that it was never actually given in exchange. We glean from the record at page 47 the following colloquy between a Mr. Paul Anton, the Attorney at Law and officer of the plaintiff-corporation, and Eugene C. Hei-man, Attorney for the defendant, Joseph Cohen:
“Q. • (By Mr. Heiman) Did you pay any cash money to Joseph Cohen in connection with the receipt of this subordination ?
“A. No.”
The words “other good and valuable consideration” are generalities that sound plausible, but the words cannot serve as consideration where the facts reveal that nothing good or valuable was actually given at the time the contract was made. In re Greene, 1930, D.C.N.Y., 45 F.2d 428.
I am of the opinion that, in the instant case, the facts most vividly reveal that nothing good or valuable was actually given to the defendant, Joseph Cohen, at the time the purported subordination agreement was made. The plaintiffs assert that there was sufficient consideration to support the subordination agreement in plaintiffs’ forbearing its rights to foreclose a mortgage held on the subject property, which was inferior to the mortgage held by the defendant. Just as a promis-sor may make an agreement for acts or promises to act, he may bargain for forbearances or promises to forbear. However, before any act or forbearance or promise thereof can constitute consideration, it must be bargained for and given in exchange for the promise. Mere forbearance to exercise a legal right without any request to forbear is not a consideration which will support a promise. City of Valparaiso v. Long, Fla.App.1962, 141 So.2d 334; United States Trust Co. of New York v. Frelinghuysen, 1941, 262 App.Div. 259, 28 N.Y.S.2d 448; Harvey v. J. P. Morgan & Co., 1937, 166 Misc. 455, 2 N.Y.S.2d 520; Baehr v. Penn-O-Tex Oil Corporation, 1960, 258 Minn. 533, *434 104 N.W.2d 661; 1 Williston on Contracts, § 135 at 567.
The record in the instant case vividly reveals that the defendant never requested the plaintiff to forbear from asserting any rights that the plaintiff might have had under a mortgage which was inferior to that of the defendant. The record, in fact, reveals quite the opposite. During his deposition in this case, an officer of the plaintiff-corporation was questioned concerning any supposed consideration to support the subordination agreement. The following colloquy took place:
“Q. What commitment, if any, did you make to any of the defendants as to any further modifications in the mortgage by virtue of the acceptance of such subordination?
“A. I told Nat that if he didn’t subordinate it or satisfy it I would not release and I would foreclose. * * *
“Q. Is that the only commitment that you made ?
“A. That is the only commitment I made.”
I am of the opinion that the above alluded to testimony conclusively establishes that the defendant neither bargained for the asserted forbearance, nor was there any request made by the defendant that the plaintiff forbear from foreclosing its inferior mortgage. The above alluded to testimony merely shows that the plaintiff threatened the defendant that the plaintiff would foreclose his inferior mortgage unless the defendant subordinated his superior mortgage to that of the plaintiffs. Such acts by the plaintiff, in my opinion, are not the correct contractual climate to support the subordination agreement in question on the basis of forbearance as consideration.
It must finally be noted that the purported subordination agreement is under seal and therefore raises a rebuttable presumption of consideration. 29 Fla.Jur., Seals and Sealed Instrument, § 10, at 154 et seq., and cases cited thereunder. The plaintiff asserts that the presumption of consideration, since the instument in question was under seal, has not been rebutted by the defendants. Prior to the time the law required consideration to support a contract, the seal was used conclusively to establish the authenticity and binding effect of the instrument to which it was attached. The use and binding effect of the seal dates back to at least 2900 B.C. Report of Law Revision Commission, Legislative Document, 1936, No. 65 at 235.
Though a sealed promise is binding without consideration where no consideration is bargained for, most sealed promises like unsealed promises are not intended to be given gratuitously but in exchange for a consideration. And failure of consideration, that is, failure to receive the intended exchange, must be sharply distinguished from lack of consideration. It is true that in early common law failure of consideration, like fraud, mistake, payment, and even illegality not apparent on the instrument, was no defense to an action on a sealed contract. But no statute was needed to change these early rulings.
In many cases equity first gave relief by injunction and later the courts of law allowed a defense. At the present time there is no doubt that failure of consideration would everywhere be held a defense. 1 Williston on Contracts, § 109.
We glean from the record in the instant case that, although the seal raised a rebut-table presumption of the existence of a consideration at the time the contract was entered into, the affirmative defense proffered forth by the defendant asserts that there was a failure of consideration. There is nothing in the record to negate this assertion that the consideration failed. Quite the contrary is evidence from the record, that there was a failure to receive the intended exchange.
For the foregoing reasons, I am of the opinion that the lower court erred in finding *435 that there was consideration for the subordination agreement given by the defendant, Joseph Cohen. I would reverse the final judgment of foreclosure as it is applicable to the defendant, Joseph Cohen, on the basis that the purported subordination agreement was null and void for both lack and failure of consideration and that the defendant, Joseph Cohen, is a holder of a paramount and superior encumbrance on the property.