■ PENELOPE McCALL, Appellant, v PETER FRAMPTON, Respondent. — In an action, *inter alia,* for an accounting based upon an oral partnership agreement, plaintiff appeals from an order of the Supreme Court, Westchester County, dated May 10, 1979, that granted defendant's motion to dismiss the causes of action asserted in the complaint, with prejudice, on the ground that enforcement of the causes of action would violate public policy and denied plaintiff's motion to replead. Order modified, on the law, (1) by deleting from the first decretal paragraph all language after the word "granted" and substituting the following: "as to the third cause of action and is otherwise denied", and (2) by adding to the second decretal paragraph, after the word "defendant", the following: "as to the third cause of action." As so modified, order affirmed, with $50 costs and disbursements to the plaintiff, and the first and second causes of action are reinstated. Defendant's time to answer with respect thereto is extended until 20 days after

service upon him of a copy of the order to be made hereon, with notice of entry. The plaintiff sues (1) to recover upon an accounting moneys allegedly due under a partnership existing between herself and the defendant for five years pursuant to an oral agreement, (2) impose a constructive trust on real property allegedly purchased for the benefit of both parties, and (3) to recover for future earnings under the partnership agreement. The defendant moved to dismiss each of the three causes of action on the grounds, *inter alia,* that each failed to state a cause of action (CPLR 3211, subd [a], par 7), and that each violated the public policy of New York State and the Statute of Frauds (CPLR 3211, subd [a], par 5). "Initially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" *(Guggenhiemer v Ginzburg,* 43 NY2d 268, 275). Special Term dismissed the complaint, holding that each of the causes of action is unenforceable as a matter of public policy because what the plaintiff pleaded as consideration for the agreement was the commission of adultery, a crime, and courts will not sustain illegal agreements *(McCall v Frampton,* 99 Misc 2d 159). We modify to reinstate the first and second causes of action. The plaintiff alleges that she is an experienced business promoter and manager in the field of "Rock" music, and that prior to 1972, she had performed such services, both for and without compensation; she alleges that when she met the defendant in 1972, he was a member of a group of musicians. The complaint then asserts: "4. In or about 1973 Frampton requested that McCall leave her then husband and her then employment, as hereinabove alleged, and that she become associated with and work with Frampton in the promotion of Frampton as a musician representing to McCall that if she did so they would be equal partners in all proceeds from his employment in that field. 5. In reliance upon said representations McCall left her then husband and her then employment and went to live with Frampton, thereafter devoting all her resources, time and effort to the promotion and success of Frampton in his endeavors. 6. Commencing in or about 1973 at Frampton's request McCall utilized all her financial resources to support herself and Frampton, and engaged in the performance of various services for Frampton including, but not limited to, public relations and promotion work; aiding in costuming of Frampton and his associates; managing Frampton's personal finances and traveling with Frampton during tours conducted by him." Plaintiff further alleges that from 1973 to 1978, the defendant "acknowledged the value of [plaintiff's] efforts privately and publicly and shared his receipts from his business with [her] * * * [H]e shared bank accounts and other credit resources and both charge[d] expenses incurred for the benefit of each to accounts maintained for that purpose in accordance with their prior agreements." In sum, "[the parties] were partners of equal status from 1973 through July 1978," by reason of which, plaintiff asked for an accounting of the defendant's earnings from 1973 to date and an award to her of one half. The general principle is that agreements having an immoral object are unenforceable (15 Williston, Contracts [3d ed, Jaeger], § 1745). Agreements tending to dissolve a marriage or to facilitate adultery are closely scrutinized to determine whether the main objective of the agreement is aimed to produce that result (15 Williston, Contracts [3d ed, Jaeger], §§ 1741, 1743; cf. *Morone v Morone,* 50 NY2d 481, 486). Nevertheless, where the agreement consists in part of an unlawful objective and in part of lawful objectives, under certain circumstances the illegality may be severed and the legal components enforced (6A Corbin, Contracts, § 1534, p 816). The test is the

degree to which the illegality infects and destroys the agreement. The resolution of this question depends particularly on the effect of performance of the legal components of the agreement and the prevention of unjust enrichment (see, e.g., *Colwell v Zolkosky,* 29 AD2d 720; *Muller v Sobol,* 277 App Div 884; *Rhodes v Stone,* 63 Hun 624; cf. *Matter of Gorden,* 8 NY2d 71, 75; *Latham v Latham,* 274 Ore 421; *McHenry v Smith,* 45 Ore App 833; *Tyranski v Piggins,* 44 Mich App 570). The plaintiff asserts that the services which she rendered to the defendant in the form of advice, promotion and public relations were accepted by the defendant and resulted in the success of the defendant as a "Rock" star. Whether her assertions are correct, and whether such services were the predominant factor in the bargain, or rather, were only incidental to the formation of the relationship between the defendant and the plaintiff, are questions which cannot be determined on the pleadings or affidavits but must await a trial. However, the third cause of action which claims a right to future earnings of the defendant when the plaintiff is not rendering services legally recognized obviously cannot be supported on the theory of unjust enrichment and must be dismissed. Hopkins, J. P., Mangano, Margett and Weinstein, JJ., concur. [99 Misc 2d 159.]