■ VIVIAN STEPHAN, Also Known as VIVIAN SHULMAN, Appellant, v MARTIN SHULMAN, Respondent.—In an action, *inter alia,* for support, an accounting of partnership profits and the imposition of a constructive trust on certain real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated February 26, 1986, which dismissed the first three causes of action.

Ordered that the order is modified (1) by dismissing the first cause of action for support with leave to the plaintiff to move to amend her complaint to plead a cause of action based on a Rhode Island common-law marriage theory and (2) by denying that branch of the defendant's motion for summary judgment which sought to dismiss the second cause of action for an accounting; as so modified, the order is affirmed, with costs to the plaintiff. The plaintiff's time to amend her complaint is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry.

This suit arises from the termination of a relationship between the parties who lived together for approximately four years but who had not undergone a ceremonial marriage to one another. The first cause of action is for support, based on an oral agreement in which defendant allegedly agreed to "support, maintain and provide for" the plaintiff in return for certain work, labor and services to be performed by her. The second cause of action is grounded on an oral partnership agreement and requests an accounting. In the third cause of action, the plaintiff seeks to impose a constructive trust on two condominiums acquired by the defendant. Special Term dismissed all three causes of action. We modify and grant leave to move to amend with regard to the first cause of action and reinstate the second cause of action.

As to the first cause of action for support, the plaintiff raised for the first time in her answering affidavit at Special Term a new theory—that the parties are married to each other because they entered into a common-law marriage dur-

ing a two-week visit to Rhode Island and, accordingly, that the plaintiff is entitled to an award of support based on the purported common-law marriage. While no formal motion to amend the first cause of action was made by the plaintiff, where she has alleged facts which may make out a viable cause of action, she may be permitted to amend, even on appeal, provided there is no prejudice to the defendant *(see, Murray v City of New York,* 43 NY2d 400, *rearg dismissed* 45 NY2d 966). This freely given right to amend is applied even to permit an amendment on a theory different from that initially pleaded; again, only if there is no prejudice to the defendant *(see, Barrett v Kasco Constr. Co.,* 84 AD2d 555, *affd* 56 NY2d 830; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:16, at 487). Since the Rhode Island common-law marriage allegation of the plaintiff may constitute a valid cause of action *(see, Petrarca v Castrovillari,* 448 A2d 1286 [RI]; *Souza v O'Hara,* 121 RI 88, 395 A2d 1060; *Sardonis v Sardonis,* 106 RI 469, 261 A2d 22), the plaintiff should be afforded the opportunity to move to amend the first cause of action in her complaint. By requiring a formal motion to amend, the defendant will have the opportunity to demonstrate prejudice to him, if any, by the granting of this relief.

The dismissal of the second cause of action seeking an accounting pursuant to an express oral partnership agreement was improper. The domestic services allegedly rendered by the plaintiff can be considered sufficient consideration for such an agreement, provided "that illicit sexual relations were not 'part of the consideration of the contract' " *(see, Morone v Morone,* 50 NY2d 481, 486). Although the alleged agreement consists "in part of an unlawful objective * * * under certain circumstances the illegality may be severed and the legal components enforced" *(see, McCall v Frampton,* 81 AD2d 607, 608). The test is the degree to which the illegality vitiates the agreement, and the resolution of this question depends on the effect of performance of the legal portion of the agreement and the prevention of unjust enrichment, issues which cannot be determined on these pleadings or affidavits but must await a trial *(see, McCall v Frampton, supra).*

The third cause of action seeking to impose a constructive trust was properly dismissed. Although the Statute of Frauds is no defense to such a claim *(see, Vanasco v Angiolelli,* 97 AD2d 462), the plaintiff does not allege that she transferred the property in question in reliance on a promise by the defendant, nor did she ever have a prior interest in the

property *(see, Sharp v Kosmalski,* 40 NY2d 119; *Scivoletti v Marsala,* 97 AD2d 401, *affd* 61 NY2d 806). Thus, the elements necessary for the imposition of a constructive trust have not been set forth. Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.