(March 27, 1989)

■ CINDY BEER, Appellant-Respondent, v MORTIMER B. HELLER, Respondent-Appellant.—In an action to recover damages for breach of an oral contract and for fraud, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated July 30, 1987, as granted the defendant's cross motion for summary judgment dismissing the complaint, and the defendant cross-appeals from so much of the same order as granted the plaintiff's motion for summary judgment dismissing his counterclaim.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements.

The plaintiff, Cindy Beer, who was legally separated from her husband, but not divorced, started dating the defendant, Mortimer Heller, in 1979. In June 1984 the parties allegedly entered into an express oral contract whereby the plaintiff

would sell her cooperative apartment, move into the defendant's residence, and contribute towards the living expenses of the parties. The defendant allegedly promised in return that should they cease living together, he would restore her to her former status by paying an amount sufficient to enable her to obtain the same or a similar cooperative unit. The plaintiff then sold her apartment and moved into the defendant's residence, contributing to such joint expenses as entertainment, vacations and gifts, and rendering such services as shopping, cooking and housekeeping. Both parties were gainfully employed.

Subsequently, the defendant broke off his relationship with the plaintiff, and, other than providing her with $1,500 to defray her moving expenses, he refused to pay any further sums. The plaintiff thereafter commenced this action to recover damages for breach of the alleged express oral contract and for fraud. The defendant counterclaimed to recover damages for the intentional infliction of emotional distress.

Since the defendant never perfected the cross appeal, we consider it as abandoned and, therefore, the cross appeal is dismissed.

We disagree with the plaintiff's contention that the Supreme Court erred in dismissing her complaint. "Agreements tending * * * to facilitate adultery are closely scrutinized to determine whether the main objective of the agreement is aimed to produce that result * * *. Nevertheless, where the agreement consists in part of an unlawful objective and in part of lawful objectives, under certain circumstances the illegality may be severed and the legal components enforced * * *. The test is the degree to which the illegality infects and destroys the agreement. The resolution of this question depends particularly on the effect of performance of the legal components of the agreement and the prevention of unjust enrichment" (McCall v Frampton, 81 AD2d 607, 608-609; see also, Morone v Morone, 50 NY2d 481; Artache v Goldin, 133 AD2d 596).

The facts of this case do not establish unjust enrichment on the part of the defendant. The plaintiff invested the proceeds of the sale of her cooperative apartment in her own name and reaped the benefits of her investment. She paid neither any of the defendant's mortgage nor property taxes. In fact, the expenses set forth by the plaintiff in her affidavit were clearly expenses incidental to daily living, which she would have incurred even if she had lived alone. Under the circumstances,

the court properly dismissed the complaint. Lawrence, J. P., Rubin, Eiber and Balletta, JJ., concur.