■ LEAH ROSE, Appellant, v SAMUEL ELIAS, Respondent.—Order, Supreme Court, New York County (David Saxe, J.), entered May 14, 1990, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Defendant, a married man, promised in writing to purchase an apartment for the plaintiff, his female companion, in return for the "love and affection" that she provided to him during the prior three years. We agree with the IAS court that the love and affection provided by plaintiff were insufficient consideration for defendant's promise to purchase an apartment for her *(Pershall v Elliott,* 249 NY 183, 188; *Parsons v Teller,* 188 NY 318; 21 NY Jur 2d, Contracts, § 79).

Nor is a cause of action stated by virtue of plaintiff's claim that she forbore job opportunities at defendant's oral request, since defendant's written promise to provide an apartment for plaintiff was unambiguous and complete, and it is apparent that the parties did not view plaintiff's forbearance from accepting job opportunities as consideration for the promise.

*(See, United States Trust Co. v Frelinghuysen,* 262 App Div 259.) " 'Nothing is consideration \* \* \* that is not regarded as such by both parties' ". *(McGovern v City of New York,* 234 NY 377, 388.)

The defendant asserted that his relationship with the plaintiff was primarily a sexual relationship, and plaintiff did not deny that sexual relations were a part of the relationship. Plaintiff admitted that the proposed purchase of an apartment was intended to facilitate a "comfortable" life together with the defendant. "Agreements tending to dissolve a marriage or to facilitate adultery are closely scrutinized to determine whether the main objective of the agreement is aimed to produce that result". *(McCall v Frampton,* 81 AD2d 607, 608.) The IAS court concluded that the words "love and affection" in the circumstances presented suggest adultery, and thus illegal consideration. Since there was found to be no severable legal component of the consideration for defendant's promise, the court correctly ruled in the alternative that the contract was void as against public policy.

We have considered plaintiff's arguments based on theories of estoppel and unjust enrichment, and find them to be without merit. Concur—Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.