■ JAMES L. PFEIFF, Appellant-Respondent, v MARY K. KELLY, Respondent-Appellant. [623 NYS2d 965] —Mercure, J. (1) Appeal from an order of the Supreme Court (Tait, Jr., J.), entered January 12, 1994 in Madison County, which denied plaintiff's motion to dismiss defendant's affirmative defense, and (2) cross appeals from an order of said court, entered July 7, 1994 in Madison County, which denied plaintiff's motion to serve an amended reply and denied defendant's cross motion for summary judgment dismissing the complaint.

The parties began living together in West Virginia in 1988. Plaintiff was married to another woman at the time, although a divorce action was pending. In 1989, plaintiff moved to Madison County and established a medical practice. Allegedly in reliance upon plaintiff's promise of marriage, defendant followed four months later, moving into plaintiff's home and taking a position as his office manager. Plaintiff finally obtained a divorce in 1991 and his relationship with defendant thereafter soured. Ultimately, the parties decided to end their relationship and on July 14, 1992 they prepared and signed an instrument, designated "a mutual agreement" expressly reached "as the result[ ] of their four year relationship living together", under the terms of which plaintiff gave defendant "her choice of the furnishings purchased for [the parties'] house" and agreed to transfer a number of additional assets to defendant. The agreement required nothing of defendant.

Defendant then moved out of plaintiff's house, taking with her a substantial part of the household furniture, furnishings

and effects, prompting plaintiff to bring this action sounding in conversion. In her answer, defendant denied that she wrongfully converted plaintiff's property and asserted the parties' July 14, 1992 agreement as an affirmative defense. Plaintiff moved to strike the affirmative defense on the grounds that the contract is void for lack of consideration and as violative of public policy. Supreme Court denied the motion, holding that under Civil Rights Law § 80-b, a cause of action may lie for property given in contemplation of a marriage that did not take place. Plaintiff appeals the order entered thereon. Plaintiff subsequently moved to amend his reply in order to respond to what he perceived to be a newly asserted (by Supreme Court) defense based upon Civil Rights Law § 80-b, and defendant cross-moved for summary judgment. Supreme Court denied both motions and the parties cross-appeal from the order entered in that regard.

We agree with plaintiff that the parties' July 14, 1992 agreement is void for lack of consideration and as violative of public policy, that defendant has established no rights under Civil Rights Law § 80-b (see, Lowe v Quinn, 27 NY2d 397) and that Supreme Court accordingly erred in its denial of plaintiff's motion to strike defendant's affirmative defense. In our view, the contract's express recitation that it was the result of the parties' four-year live-in relationship, coupled with the fact of plaintiff's marriage during substantially all of that period, leads to the inescapable conclusion that illicit sexual relations formed the primary consideration (see, Rose v Elias, 177 AD2d 415; cf., Morone v Morone, 50 NY2d 481, 484-486; Donnell v Stogel, 161 AD2d 93, 97-98). Our reading of the contract discloses no severable valid consideration (cf., Donnell v Stogel, supra; Stephan v Shulman, 130 AD2d 484; McCall v Frampton, 81 AD2d 607, 608-609) and, because the contract is based solely upon past consideration, General Obligations Law § 5-1105 bars defendant from presenting evidence of consideration not stated therein (see, Clark v Bank of N. Y., 185 AD2d 138, 140-141; Umscheid v Simnacher, 106 AD2d 380, 381).

In view of our determination that Supreme Court should have dismissed defendant's affirmative defense, we need not consider the parties' remaining contentions.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order entered January 12, 1994 is reversed, on the law, with costs, motion granted and defendant's first affirmative defense dismissed. Ordered that the order entered July 7, 1994 is affirmed, without costs.