■ MONIKA PAULUS, Individually and as Parent and Natural Guardian of STEFANIE A. PAULUS-KUCHLER, an Infant, Respondent, v HANS-RUDOLF KUCHLER, Appellant. [625 NYS2d 81] —In an action, inter alia, to recover damages for breach of contract, the defendant appeals (1) from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated May 26, 1993, as denied those branches of his motion which were (a) to dismiss the first cause of action pursuant to CPLR 3211 (a) (7), (b) for summary judgment dismissing the first cause of action pursuant to CPLR 3212, and (c) for the imposition of sanctions pursuant to the Uniform Rules for Trial Courts (22 NYCRR part 130); and (2) from an order of the same court, entered March 2, 1994, which denied his motion denominated as one for renewal but, in effect, for reargument of the aforementioned branches of his prior motion.

Ordered that the appeal from the order entered March 2, 1994, is dismissed since no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 26, 1993, is modified by deleting the provision thereof which denied that branch of the defendant's motion which was for summary judgment dismissing the first cause of action and substituting therefor a provi-

sion granting that branch of the motion, as so modified the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

It is well established that nonmarital parties living together may contract for personal services so long as the agreement is express and the consideration is not for illicit sexual relations *(see, Morone v Morone,* 50 NY2d 481, 486). When a contract contains both lawful and unlawful objectives, however, "the illegality may be severed and the legal components enforced" to avoid unjust enrichment *(McCall v Frampton,* 81 AD2d 607, 608). Nevertheless, "[a]greements tending to dissolve a marriage or to facilitate adultery are closely scrutinized to determine whether the main objective of the agreement is aimed to produce that result" *(McCall v Frampton, supra,* at 608). Resolution of this question will depend upon the prevention of unjust enrichment and the legal components of the agreement *(McCall v Frampton, supra).* The facts of this case do not establish unjust enrichment on the part of the defendant. Furthermore, the main object of the alleged agreement was to dissolve a marriage and to facilitate a divorce. Therefore, no cause of action existed with respect to the alleged agreement.

The appeal from the denial of the defendant's motion, denominated as one for renewal must be dismissed. The motion is actually one for reargument since it was not based upon new facts unavailable at the time of the original motion *(see, Huttner v McDaid,* 151 AD2d 547). The denial of a motion for reargument is not appealable *(see, Huttner v McDaid, supra; Mgrditchian v Donato,* 141 AD2d 513).

The defendant's remaining contentions are without merit. Miller, J. P., O'Brien, Krausman and Florio, JJ., concur.