■ APPLE BANK FOR SAVINGS, Respondent, v THOMAS L. HIGGINS, JR., et al., Appellants, et al., Defendants. [675 NYS2d 901] —In an action to foreclose a mortgage, the defendants Thomas L. Higgins, Jr., and Christine H. Higgins appeal from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), entered January 20, 1997, as denied that branch of their motion which was, in effect, to set aside a judgment of foreclosure and sale of the same court (Malloy, J.), entered July 19, 1995.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced the instant action to foreclose a mortgage on certain real property owned by the appellants. The plaintiff was awarded summary judgment on its complaint, and a judgment of foreclosure and sale was entered on July 19, 1995. On November 29, 1996, the appellants moved, inter alia, to void the judgment of foreclosure and sale, and for leave to reargue the plaintiff's motion for summary judgment. The Supreme Court denied reargument and declined to void the judgment of foreclosure and sale.

We note that because the appellants' notice of appeal specified that the instant appeal was limited to "only that part of the Order that denied [their] motion to void the Judgment of Foreclosure and Sale", the additional argument raised in their brief is not properly before us. "An appeal from only part of an order constitutes a waiver of the right to appeal from the other parts of that order" (*Royal v Brooklyn Union Gas Co.*, 122 AD2d 132, 133; *see*, CPLR 5515 [1]). In any event, the additional argument essentially seeks review of the denial of that branch of their motion which was for leave to reargue the plaintiff's prior motion for summary judgment, and no appeal lies from an order denying reargument (*see, Paulus v Kuchler*, 214 AD2d 608).

The Supreme Court properly denied that branch of the appellants' motion which was to void the judgment of foreclosure and sale. The appellants' claim that the plaintiff was required to but failed to serve the papers on their motion for the judgment of foreclosure and sale upon their attorney of record is without merit (*see*, CPLR 321 [b] [1]). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.