■ DENNIS KELLY et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 90767.) [685 NYS2d 636] —In a claim to recover damages for personal injuries, etc., the claimants appeal, as limited by their brief, from so much of an order of the Court of Claims (Mega, J.), dated July 10, 1997, as granted the cross motion of the defendant State of New York for summary judgment to the extent of dismissing so much of their claim as is based upon Labor Law § 240.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is denied.

The claimant Dennis Kelly was injured when he fell while descending into a thirty-feet-deep excavation at a construction site where he was employed. The injured claimant initially sought to descend into the excavation via an extension ladder, but the ladder proved to be defective. He then attempted to descend via metal I-beams or walers which had been placed horizontally in the excavation. It was raining at the time and the injured claimant slipped and fell from the walers to the bottom of the excavation.

We find that the Court of Claims improperly granted the respondent's cross motion for summary judgment dismissing the Labor Law § 240 claim. The record reveals that there is a triable issue of fact as to whether the respondent's violation of the statute was a proximate cause of the accident, or whether the injured plaintiff's conduct constituted an unforeseeable intervening act, and was therefore a superseding cause. O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.

■ VERNA D. KNAPP, Respondent, v MILLARD KNAPP, Appellant. [685 NYS2d 636] —In a matrimonial action in which the parties were divorced by judgment dated December 11, 1995, the defendant appeals from an order of the Supreme Court, Dutchess County (Beisner, J.), dated March 17, 1998, which denied his motion, denominated as one to vacate an order of the same court entered May 28, 1996, but which was, in effect, for leave to reargue the plaintiff's prior motion.

Ordered that the appeal is dismissed, with costs, as no appeal lies from an order denying a motion for leave to reargue (see, Paulus v Kuchler, 214 AD2d 608; Huttner v McDaid, 151 AD2d 547). S. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.