■ Toby Cohn, Appellant, v Leonard Levy, Respondent. [725 NYS2d 376] —In an action to recover damages for breach of an alleged oral agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Joseph, J.), dated March 17, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant conducted an adulterous affair between 1975 and 1978, and again from 1986 until 1996. In 1989 the plaintiff divorced her husband, and the defendant began paying her weekly sums in cash. The plaintiff alleges that at various times during this period the defendant orally contracted to pay her $1,000 a week for the rest of her life, and to guarantee these payments by taking out a life insurance policy naming her as beneficiary. However, at her deposition, the plaintiff testified only that on several occasions the defendant promised to "take care of [her] in a very comfortable way." The plaintiff's testimony is too vague to substantiate her current claim of lifetime maintenance (cf., Dombrowski v Somers, 41 NY2d 858; Trimmer v Van Bomel, 107 Misc 2d 201).

In any event, the alleged oral agreement was not supported by valid consideration. The plaintiff failed to demonstrate that she relinquished any career opportunities in furtherance of her relationship with the defendant. Indeed, the plaintiff admitted at her deposition that her last employment before 1997 had ended in 1985 (see, Morone v Morone, 50 NY2d 481; Paulus v Kuchler, 214 AD2d 608, 609; Pfeiff v Kelly, 213 AD2d 916, 917; Rose v Elias, 177 AD2d 415, 416; Donnell v Stogel, 161 AD2d 93, 97; Beer v Heller, 148 AD2d 649, 650; McCall v Frampton, 81 AD2d 607).

Accordingly, the motion for summary judgment dismissing the complaint was properly granted as the defendant made a prima facie showing of his entitlement to judgment as a matter of law and the plaintiff failed to establish that there were any triable issues of fact requiring a trial. Santucci, J. P., Luciano, Adams and Crane, JJ., concur.